IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Josand Farmer, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 0:19-1974-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Assistant Warden Jenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Josand Farmer, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Petition without prejudice and without requiring Respondent to file a return. (ECF No. 7). The magistrate judge notified Petitioner of his right to file objections to the Report, *id.* at 6, and Petitioner filed timely objections (ECF No. 10).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

1

687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim that is cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth the facts in her Report. (ECF No. 7). Briefly, Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute narcotics. (ECF No. 1 at 1). Petitioner was sentenced on September 26, 2011, in the Eastern District of North Carolina. *Id.* The Fourth Circuit Court of Appeals affirmed this conviction and sentence on June 5, 2012. *United States v. Farmer*, 482 Fed. App'x 805 (4th Cir. 2012).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in November 2012, (ECF No. 1 at 4), and such motion was denied in December 2013, *Farmer v. United States*, No. 5:10-CR-271-FL-3, 2013 WL 6799977 (E.D.N.C. Dec. 20, 2013). Petitioner contends that he filed a second § 2255 motion in 2016, arguing that he was no longer considered a career offender pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] (ECF No. 1 at 4).

---

[1] As the magistrate judge noted in her Report, it appears that Petitioner was granted permission to file his second or successive § 2255 motion. *United States v. Farmer,* CR No. 5:10-cr-00271-FL-3, dkt. entry 272 (E.D.N.C. June 21,

On July 15, 2019, Petitioner filed the instant Petition for writ of habeas corpus pursuant to § 2241,[2] asking the court to "vacate count one, three, and seven, and remand . . . back to the district court to determine and sentence . . . in accordance to the proper drug weight" or to grant a new trial.[3] (ECF No. 1 at 9). As the sole ground for his Petition, Petitioner argues that his mandatory minimum sentence was erroneously increased because the district court did not instruct the jury that it had to determine what amount of cocaine was attributable to Petitioner under the *Pinkerton*[4] principles. *Id.* at 6–7. Therefore, Petitioner contends that he was sentenced under a higher statutory range pursuant to 21 U.S.C. § 841(b) and the Sentencing Guidelines. *Id.* at 8.

## II. DISCUSSION

The magistrate judge recommends that the Petition be dismissed because Petitioner has not shown that his challenges to his sentence[5] relies on a change in substantive law, and, therefore, has not satisfied the § 2255 savings clause to seek relief under § 2241. (ECF No. 7 at 4). Petitioner filed objections to the Report, but rather than asserting specific challenges to the magistrate judge's findings of fact and conclusions, Petitioner's objections largely restated his claims or were nonresponsive to the Report. (ECF No. 9). However, Petitioner did specifically object to the magistrate judge's determinations that he has not satisfied the requirements of the § 2255 savings

---

2016). However, the trial court ultimately determined that Petitioner was not entitled to relief under *Johnson*. *See United States v. Farmer,* CR No. 5:10-cr-00271-FL-3, dkt. entry 309 (E.D.N.C. July 17, 2017).

[2] The court takes judicial notice of Petitioner's prior § 2241 motions with this court, which were all denied. *Farmer v. Antonellie*, No. 0:18-3604-TMC, 2019 WL 2061469 (D.S.C. April 14, 2019); *Farmer v. Antonelli*, No. 0:18-cv-1922-TMC, 2018 WL 4767240 (D.S.C. Oct. 3, 2018); *Farmer v. Ramirez*, No. 0:17-2614-TMC, 2017 WL 634501 (D.S.C. Dec. 12, 2017).

[3] Petitioner's sole ground of his Petition deals with a challenge to only his sentence. However, based on his request for relief, which includes relief as to his conviction as well, the court will liberally construe the Petition as a challenge to both his conviction and sentence.

[4] *Pinkerton v. United States*, 328 U.S. 640 (1946).

[5] As noted above, the court construes this Petition to challenge both Petitioner's sentence and conviction.

clause and that he has not sufficiently met the test in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). *Id.* Petitioner's objections also contend that magistrate judge has "concede[d] that the petitioner rel[ies] on a law that has been settled in the Fourth Circuit long before he was sentenced," and that, therefore, his relief should be granted. *Id.* at 4 – 5. Furthermore, Petitioner contends that the magistrate judge has wrongfully sought to "limit the scope and range" of habeas relief by requiring Petitioner to "satisfy a prong of the savings clause," and that he should be allowed a "meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application, or interpretation of relevant law." *Id.* at 5.

The magistrate judge correctly noted in her Report that in order for a petitioner to challenge his federal conviction or sentence under § 2241, he must show, under the "savings clause" of § 2255(e), that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." § 2255(e). Though Petitioner contends that the magistrate judge erred in requiring him to satisfy the savings clause in order to pursue habeas relief under § 2241, the court recognizes that the savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *Wheeler*, 886 F.3d at 423; *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

It is well-settled that in order to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

4

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Recently, in *Wheeler*, the Fourth Circuit extended *Jones* to challenges of "fundamental sentencing errors." *Wheeler*, 886 F.3d at 428. In doing so, the Fourth Circuit set forth a new savings clause test for when a petitioner challenges his sentence. *Id.* at 429. Accordingly, pursuant to *Wheeler*, a § 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to a petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* As such, in challenging his sentence, a petitioner must initially show that there has been a change in the substantive law since his conviction or sentence that has affected the legality of his conviction or sentence. *See id.*; *Jones*, 226 F.3d at 333–334.

Here, Petitioner was convicted by jury trial and sentenced in 2011. (ECF No. 1 at 1); *see also United States v. Farmer*, CR No. 5:10-cr-00271-FL-3, dkt. entries 104, 143 (E.D.N.C. 2011). The court agrees with the magistrate judge that Petitioner has failed to show that there was a change in the substantive law since his sentence that affects the legality of his sentence. Petitioner seems to contend that *Wheeler* has changed the substantive law regarding mandatory minimum sentences being challenged pursuant to § 2241. (ECF No. 10 at 2). However, while *Wheeler* did provide a new test to determine when a § 2255 motion is inadequate or ineffective to challenge a prisoner's sentence, no part of *Wheeler* has indicated a change to settled substantive law that would affect the *legality* of Petitioner's sentence.

As the magistrate judge determined, the law on which Petitioner appears to rely has been the law in the Fourth Circuit since long before Petitioner was convicted and sentenced. (ECF No. 7 at 4) (citing *United States v. Irvin*, 2 F.3d 72, 76 (4th Cir. 1993)). Additionally, *Pinkerton* was decided in 1946 – long before Petitioner was convicted or sentenced. *See Pinkerton v. United States*, 328 U.S. 640 (1946). Petitioner seems to argue in his objections that *because* both *Irvin* and *Pinkerton* were applicable at the time of his conviction and sentence, he should be afforded relief. (ECF No. 10 at 3–4). However, as the magistrate judge noted, it is well-settled that a petitioner *must* satisfy the savings clause of § 2255(e) before challenging his conviction or sentence under § 2241. *Rice*, 617 F.3d at 807. To satisfy the savings clause, a petitioner *must* show that a § 2255 motion would be inadequate or ineffective. § 2255(e). The Fourth Circuit has held that to make such a showing, the petitioner *must* show that there was a change in the substantive law that affects the petitioner's conviction or sentence. *Wheeler*, 886 F.3d at 428 (as to challenges to the legality of a sentence); *Jones*, 226 F.3d at 333–334 (as to challenges to the legality of a conviction).

After thoroughly combing the record and liberally construing the Petition, the court finds that Petitioner has failed to establish that his claims involve a substantive change to settled law that would now make his conviction or sentence unlawful. Accordingly, Petitioner has not satisfied the savings clause of § 2255(e), and, therefore, is precluded from challenging his federal conviction and sentence under § 2241. Therefore, the court is without jurisdiction to consider the merits of the claims set forth in the Petition. *See Wheeler*, 886 F.3d at 423; *see also Rice*, 617 F.3d at 807. As a result, the court overrules Petitioner's objections.

## III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 7).  Accordingly, the Petition (ECF No. 1) is **DISMISSED without prejudice and without requiring Respondent to file a return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                   s/Timothy M. Cain
                                                   United States District Judge

Anderson, South Carolina
October 24, 2019